UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA A. MATA,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>  Defendant. | Case No.: 1:13-cv-01113 - JLT<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT, CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF, SONIA MATA |

Sonia Mata asserts she is entitled to disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff argues the administrative law judge ("ALJ") erred in evaluating the credibility of her subjective complaints. Because the ALJ applied the presumption of continuing non-disability and met his burden of identifying clear and convincing reasons for rejecting Plaintiff's testimony, the ALJ's decision is **AFFIRMED**.

I.   **Procedural History**

On October 21, 2009, an ALJ determined Plaintiff was not disabled because she "retained the residual functional capacity to work at all exertional levels, and . . . perform simple, routine tasks with occasional contact with co-workers, supervisors, and the public." (Doc. 10-3 at 16.) Plaintiff filed the applications for benefits now before the Court on March 2, 2010, alleging disability beginning on October 17, 2009. (*Id.*) The Social Security Administration denied her claims initially and upon

reconsideration.  (*Id.*; *see also* Doc. 10-5 at 2-5.)

After requesting a hearing, Plaintiff testified before an ALJ on November 16, 2011.  (Doc. 10-3 at 16.)  The ALJ determined Plaintiff did not show a "changed circumstance" or "an increase of the severity of an impairment."  (*Id.*)  Therefore, the ALJ applied the presumption of continuing non-disability to Plaintiff's applications for benefits, and determined Plaintiff was not disabled as defined by the Social Security Act.  (*Id.*)   The Appeals Council denied Plaintiff's request for review of the decision on May 1, 2013.  (*Id*. at 6.)  Therefore, the ALJ's determination became the final decision of the Commissioner of Social Security ("Commissioner").

## II.     Standard of Review

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act.  When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error.  42 U.S.C. § 405(g).  The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion."  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## III.    Disability Benefits

To qualify for benefits under the Social Security Act, Plaintiff must establish she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if:

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

>national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## IV.     Administrative Determination

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

### A.     Relevant Medical Opinions

On May 20, 2010, Dr. Ian Ocrant reviewed the records, and found "no new and material change to allegations" related to Plaintiff's physical impairments. (Doc. 10-8 at 38.) Dr. Ocrant noted Plaintiff was alleging the same impairments, and "ha[d] not sought out any physical treatment since [ALJ] denial." (*Id.*)

Dr. Aquino-Caro completed a psychiatric review technique form and mental residual functional capacity assessment on May 26, 2010. (Doc. 10-8 at 23-38.) Dr. Aquino-Caro noted Plaintiff suffered from depression. (*Id.* at 23, 29.) According to Dr. Aquino-Caro, Plaintiff had "mild" restriction of activities of daily living; difficulties in maintaining social functioning; and difficulties in maintaining concentration, persistence, or pace. (*Id.* at 34.) Dr. Aquino-Caro found "no new and material change" to Plaintiff's functional limitations, and adopted the limitations previously identified by an ALJ, who found Plaintiff could perform simple and repetitive tasks with limited contact with others. (*Id.* at 38.) This opinion was affirmed by Dr. Tashjian on September 10, 2010. (*Id.* at 40.)

Dr. Evangeline Murillo, Plaintiff's treating physician from Fresno County Mental Health, completed a questionnaire regarding Plaintiff's ability to work on September 15, 2011. (Doc. 10-8 at 65-67.) Dr. Murillo opined Plaintiff's memory and concentration were impaired due to "depression, fatigue [and] low energy." (*Id.* at 65.) In addition, she noted Plaintiff's symptoms included confusion, mood swings, and social isolation. (*Id.* at 66.) Dr. Murillo opined Plaintiff was "[n]ot able to adapt" to stresses common to the normal work environment "due to her depression," but her activities of daily living were not impaired. (*Id.*)

### B. Administrative Hearing Testimony

Plaintiff testified that she suffered from depression, stress, anxiety attacks, and panic attacks. (Doc. 10-3 at 33.) Plaintiff reported this all caused a lack of appetite, and she lost about fifty pounds over the course of three to four months. (*Id.*) She stated that she last worked doing in-home care for her mother, who died in 2005. (*Id.* at 35.) Plaintiff believed she was no longer able to work due to her panic attacks, fear, and problems with her legs. (*Id.* at 36.)

She explained that her legs would "just go numb," and she had difficulty with walking, stating: "I can't walk a very long distance because they'll just, they just will fold and my knees will fold under themselves and I'll just fall, you know." (Doc. 10-3 at 36.) Plaintiff testified she was not receiving treatment for her legs because she did not have MediCal. (*Id.*)

In addition, Plaintiff reported that she suffered from depression "every day," which was "nothing new," and panic attacks "every two days" that lasted for approximately half an hour each episode. (Doc. 10-3 at 37.) She said her depression affected her ability to function because she could not "concentrate on nothing anymore." (*Id.* at 37.) Plaintiff believed she was unable to concentrate for thirty minutes at one time, but could "maybe" concentrate for fifteen minutes. (*Id.* at 38.) Further, Plaintiff reported she had suicidal thoughts about every two weeks. (*Id.* at 37.)

Plaintiff said she "want[ed] to be alone" and did not like to be around other people. (Doc. 10-3 at 38.) She no longer had any interests or hobbies, and did not visit with others. (*Id.*) Plaintiff explained that while she went to church once a week, she would "sit in the back by [her]self" because she did not want anyone around her. (*Id.* at 39.) She reported that she did not keep up her personal hygiene, and she showered "maybe once a week." (Doc. 10-3 at 38.)

She reported that on a typical day, she would read the Bible for "[a]bout half an hour," clean dishes, and "talk with [her] mother's ashes." (Doc. 10-3 at 40.) In addition, Plaintiff said she watched television at night when she was unable to sleep, for about two hours each night. (*Id.* at 41.) She estimated she spent "about five hours" of each day lying down due to gallbladder pain. (*Id.* at 42.)

### C. The ALJ's Findings

The ALJ determined Plaintiff "has not presented any new or material evidence warranting a change in her residual functional capacity." (Doc. 10-3 at 16.) Therefore, the ALJ found that "the presumption of continuing non-disability applies." (*Id.*) Nevertheless, the ALJ continued through the five-step process set forth in the Regulations.

First, the ALJ determined that Plaintiff did not engage in substantial activity after the alleged onset date of October 17, 2009. (*Id.* at 18.) Second, the ALJ found Plaintiff's severe impairments included a "depressive disorder with psychotic features." (*Id.*) Next, the ALJ found Plaintiff did not have an impairment or a combination of impairments that met or medically equaled a Listing. (*Id.* at 17.) The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform simple repetitive tasks with occasional contact with co-workers, supervisors, and [the] public." (*Id.* at 20.) With this RFC, the ALJ concluded Plaintiff was capable of performing "jobs that exist in significant numbers in the national economy." (*Id.* at 22.) Thus, Plaintiff was not "under a disability, as defined in the Social Security Act, from October 17, 2009 through the date of th[e] decision." (*Id.* at 23.)

## V. Discussion and Analysis

Appealing the decision to deny her application for benefits, Plaintiff asserts the ALJ erred in assessing the credibility of her subjective complaints. Her only argument on appeal is that "the ALJ failed to articulate legally sufficient (sic) and factually supported reasons supporting the rejection of Sonia Mata's credible testimony." (Doc. 16 at 8, emphasis omitted.) Importantly, however, the ALJ found the presumption of continuing non-disability applied to Plaintiff's applications for benefits.

### A. Presumption of continuing of Non-Disability

The Ninth Circuit has determined that a presumption of continuing non-disability may be applied when a claimant's security income application was previously denied by an ALJ. *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). In general, "an ALJ's finding that a claimant is not disabled

'creates a presumption that the claimant continued to be able to work after that date.'" *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995) (quoting *Miller v. Heckler*, 770 F.2d 845, 848 (9th Cir. 1985)). However, the presumption does not apply "if there are 'changed circumstances.'" *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). The presumption may not be applied when the "medical or psychiatric condition has worsened," or "the claimant raises a new issue, such as the existence of an impairment not considered in the previous application." *Id.* (citing *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988)).

The Ninth Circuit explains that the burden of proof is on the claimant to "prove 'changed circumstances' indicating a greater disability." *Chavez*, 884 F.2d at 693. Here, the ALJ found Plaintiff did not carry her burden to show changed circumstances at the administrative level, and did not present "any new or material evidence warranting a change in her residual functional capacity." (Doc. 10-3 at 16.) Indeed Plaintiff "reported there had been no changes in her condition, and had no new physical or mental limitation." (*Id.* at 21.)

Seeking judicial review of the denial of her applications for benefits, Plaintiff does not assert the ALJ erred in applying the presumption of non-disability. The Ninth Circuit "has repeatedly admonished that [it] cannot 'manufacture arguments for an appellant.'" *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)). Rather, the Court will "review only issues with are argued specifically and distinctly." *Id.* When a claim of error is not raised *and* explained, the argument is waived. *See, id. at 929-30* (holding that party's argument was waived because the party made only a "bold assertion" of error, with "little if any analysis to assist the court in evaluating its legal challenge"); *see also Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding an allegation of error was "too undeveloped to be capable of assessment"). Thus, because Plaintiff does not assert in her appeal that the ALJ erred in applying the presumption of non-disability, she has waived her right to do so.

### B. The ALJ's Credibility Determination

Plaintiff contends the ALJ "improperly assessed her subjective symptom testimony in assessing the residual function capacity." (Doc. 16 at 8.) In evaluating a claimant's credibility, an ALJ must determine first whether objective medical evidence shows an underlying impairment "which could

1 | reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504
2 | F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).
3 | Next, if there is no evidence of malingering, the ALJ must make specific findings as to the claimant's
4 | credibility. *Id.* at 1036.  In this case, the ALJ determined Plaintiff's "medically-determinable
5 | impairments can reasonably be expected to produce her alleged symptoms." (Doc. 10-3 at 20.)
6 | However, the ALJ found Plaintiff's "statements about the intensity, persistence, and limiting effects of
7 | [her] symptoms are not credible." (*Id.*)

8 | An adverse credibility determination must be based on clear and convincing evidence where
9 | there is no affirmative evidence of a claimant's malingering and "the record includes objective medical
10 | evidence establishing that the claimant suffers from an impairment that could reasonably produce the
11 | symptoms of which he complains." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1160
12 | (9th Cir. 2008).  The ALJ "must identify what testimony is not credible and what evidence undermines
13 | the claimant's complaints." *Lester*, 81 F.3d at 834.  Here, the ALJ considered Plaintiff's daily activities,
14 | the treatment she received, and her work history. (*See id.* at 20-21.)  The Ninth Circuit has determined
15 | these are relevant factors in assessing the credibility of a claimant.  *See, e.g., Fair v. Bowen*, 885 F.2d
16 | 597, 603 (9th Cir. 1989); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

17 |         1.     Daily activities

18 | When a claimant spends the day engaged in activities that are transferable to a work setting, a
19 | finding of this fact may be sufficient to discredit a claimant's allegations of a disabling impairment."
20 | *Morgan*, 169 F.3d at 600 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  A claimant's
21 | ability to cook, clean, do laundry and manage finances may be sufficient to support an adverse finding
22 | of credibility.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008); Likewise, an ALJ
23 | may conclude "the severity of . . . limitations were exaggerated" when a claimant exercises, gardens,
24 | and participates in community activities. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 693
25 | (9th Cir. 2009).

26 | In *Burch v. Barnhart*, the ALJ explained the claimant's daily activities "suggest that she is quite
27 | functional. She is able to care for her own personal needs, cook, clean and shop." *Id.*, 400 F.3d 676, 680
28 | (9th Cir. 2005).  Likewise, here, the ALJ noted Plaintiff "lived alone, cleaned, prepared simple meals,

did laundry, used public transportation, shopped once a month, and watched television." (Doc. 10-3 at 20.) As the Ninth Circuit explained in *Burch*, "Although the evidence of [the plaintiff's] daily activities may also admit of an interpretation more favorable to [her], the ALJ's interpretation was rational, and [the court] 'must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.'" *Burch*, 400 F.3d at 680 (quoting *Magallanes*, 881 F.2d at 750). Thus, Plaintiff's daily activities support the adverse credibility determination.

### 2. Treatment

When assessing a claimant's credibility, the ALJ may consider "the type, dosage, effectiveness, and side effects of any medication." 20 C.F.R. § 404.1529(c). Further, the Ninth Circuit determined that an "ALJ is permitted to consider lack of treatment in his credibility determination." *Burch,* 400 F.3d at 681. Here, the ALJ noted that while Plaintiff "testified she has leg pain with numbness aggravated by walking too far," she did not seek any treatment for her pain. (Doc. 10-3 at 20.) In addition, the ALJ noted Plaintiff "took medications for anxiety and sleep, Acetaminophen as needed for pain, and Benadryl as needed for allergies (over-the-counter)." (*Id.* at 21.) These facts were proper considerations in finding Plaintiff lacked credibility. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (the ALJ properly considered the physician's failure to prescribe, and the claimant's failure to request, medical treatment commensurate with the "supposedly excruciating pain" alleged).

### 3. Compliance with treatment

A claimant may be discredited for failure to comply with a "prescribed course of treatment." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also Fair v. Bowen*, 885 F.2d 597, 603 (an unexplained "failure to seek treatment or to follow a prescribed course of treatment" supports an adverse credibility determination). Here, reviewing the medical record, the ALJ found "evidence that Ms. Mata has not been compliant in taking prescribed medications." (Doc. 10-3 at 21.) As the ALJ noted, this "suggests her symptoms may not have been as limiting as she alleges." (*Id.*)

### 4. Work history

An ALJ may consider a claimant's work history as part of a credibility determination. For example, the ALJ may consider a claimant's admission that he left his job for reasons other than his alleged impairment. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001); *see also Drouin v.*

*Sullivan,* 966 F.2d 1255, 1259 (9th Cir. 1992) (the ALJ properly considered that the plaintiff stopped working for reasons other than her alleged pain).  Here, the ALJ noted Plaintiff testified that she stopped working "because the person for who she was caring (her mother) passed away."  (Doc. 10-3 at 21.)  Because Plaintiff stopped working for reasons other than her impairments, her work history was a proper factor in the adverse credibility determination.

In light of the number of factors considered to assess the credibility of Plaintiff's subjective complaints, the ALJ carried his burden to set forth findings "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds."  *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004.

## VI.    Conclusion and Order

For the reasons set forth above, the Court finds Plaintiff waived her right to appeal the ALJ's application of the continuing presumption of non-disability.  Even assuming the presumption was not applied, the ALJ carried his burden to articulate clear and convincing reasons for rejecting Plaintiff's credibility, which were "sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit [the] claimant's testimony."  *Thomas*, 278 F.3d at 958.  Because the ALJ applied the proper legal standards, his conclusion that Plaintiff is not disabled as defined by the Social Security Act must be upheld by the Court. *See Sanchez*, 812 F.2d at 510.

Accordingly, **IT IS HEREBY ORDERED**:

1. The decision of the Commissioner of Social Security is **AFFIRMED**; and
2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Defendant Carolyn Colvin, Acting Commissioner of Social Security, and against Plaintiff Sonia Mata.

IT IS SO ORDERED.

Dated:  **October 27, 2014**               **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE